Dale Sundby, Trustee
5963 N. Golden Eagle Drive
Tucson, Arizona 85750
Phone: (619) 823-6333
Email: dale@sundby.email
Plaintiff

**FILED**

Mar 20 2025

**CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**
BY        s/ armincortez        **DEPUTY**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dale Sundby, Trustee,<br><br>Plaintiff,<br>v.<br><br>Lewis Landau; Jeffrey Myers; Kathleen Myers; and Does 1-X,<br><br>Defendants. | Case No.: **'25 CV 0668 BAS KSC**<br><br>**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff brings this action under 42 U.S.C. § 1983 for declaratory relief, injunctive relief, and damages against Defendants for orchestrating the violation of Plaintiff's constitutional rights by unlawfully preventing Plaintiff from asserting a claim to possession in an unlawful detainer action, causing the striking of Plaintiff's motion to intervene in that action without due process, and ensuring dismissal of Plaintiff's appeal without judicial review, foreclosing Plaintiff's right and ability to challenge an unlawful eviction and its consequences.

Complaint                                         1

2.    The actions of the Defendants denied Plaintiff a meaningful opportunity to be heard and deprived Plaintiff of a constitutionally protected property interest without notice or the ability to contest the deprivation, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

3.    This action does not seek appellate review of any state court decision. Instead, it challenges the unconstitutional procedures that prevented Plaintiff from litigating his claim to possession and from contesting an unlawful eviction in state court. The outcome of Plaintiff's pending petition for review before the California Supreme Court does not affect this Court's jurisdiction over Plaintiff's independent constitutional claims

4.    Plaintiff seeks an order:

(a)    Declaring that Plaintiff was denied due process and access to courts in the eviction process, rendering the eviction procedurally unlawful.

(b)    Granting Plaintiff the right to intervene and litigate possession claims in federal court, as state courts have demonstrated procedural bias and an unwillingness to provide due process.

(c)    Enjoining Defendants from enforcing any eviction-related orders or actions arising from the unlawful detainer proceedings until Plaintiff is granted due process, regardless of any state court review.

(d)    Prohibiting Defendants from using any unlawful detainer order to deprive Plaintiff of any property right or enforce judgments until Plaintiff has an opportunity to fully litigate his claims in this Court or through a constitutionally adequate state court process.

(e)    Staying any enforcement actions, eviction proceedings, or other property-related claims pending resolution of this federal case to prevent irreparable harm to Plaintiff and to ensure that Plaintiff has an opportunity to litigate his due process and possession claims in a constitutionally adequate forum.

Complaint                                           2

(f)  Providing that this Court retains jurisdiction over all claims to ensure full adjudication of Plaintiff's rights, rather than remanding to the state court, which has demonstrated an inability to fairly adjudicate Plaintiff's claims and motions.

## PARTIES

5.  Plaintiff Dale Sundby, Trustee, as sole trustee as to his sole beneficial interest under Declaration of Trust, Trust No. 1989-1, Dated: January 26, 1989, 5963 N. Golden Eagle Drive, Tucson, Arizona 85750.

6.  Defendant Lewis Landau, 22287 Mulholland Hwy., # 318, Calabasas, California 91302.

7.  Defendant Jeffrey Myers, 2222 Foothills Blvd, #E524, La Canada, California 91011.

8.  Defendant Kathleen Myers, 2222 Foothills Blvd, #E524, La Canada, California 91011.

9.  Defendants sued herein as DOES 1 through X ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants by fictitious names. Plaintiff is informed and believes, and based on such information and belief, that each of the DOE Defendants is legally responsible in some manner for the acts and omissions described herein. Plaintiffs will amend this Complaint to set forth the true names and capacities of each DOE Defendant when the same are ascertained.

## JURISDICTION & VENUE

10.  This Court has original federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343, as Plaintiff's claims arise under 42 U.S.C. § 1983 and the United States Constitution.

11.  This Court also has original diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists. Plaintiff is a citizen of Arizona, while all Defendants are citizens of California.

Complaint                                            3

12. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the events giving rise to this claim – including the unlawful detainer action, eviction, and procedural denials – occurred in San Diego County.

### NO APPLICATION OF *ROOKER-FELDMAN* DOCTRINE

13. *Rooker-Feldman* does not apply because Plaintiff was not a party to the state court action. See *Lance v. Dennis*, 546 US 459, 462 (2006).

14. *Rooker-Feldman* does not apply because Plaintiff does not seek to undo a final state court judgment on the merits. See *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005).

15. *Rooker-Feldman* does not apply because Plaintiff is asserting independent constitutional claims.

16. The state court did not rule on the merits of Plaintiff's motion to intervene—it was merely stricken as a procedural matter.

17. The appellate court dismissed Plaintiff's appeal without addressing the merits, meaning there is no state court judgment ruling on Plaintiff's claims.

18. Even if the California Supreme Court grants Plaintiff's petition for review, it does not eliminate this Court's jurisdiction because Plaintiff's claims remain independent of state court review under *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), and Younger abstention does not apply as the pending state proceedings do not provide an adequate forum to address the due process violations alleged herein.

19. If "a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

### FACTUAL ALLEGATIONS

20. Defendants filed an unlawful detainer action in San Diego County Superior Court ("state case").

Complaint                                    4

21. Plaintiff was not a party to the state case.

22. Following a default, a writ of possession was issued in the state case, which stated; "an occupant not named in the judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served) (See CCP 415.46 and 1174.3(a)(2)).

23. CCP 1174.3(b) states:

If a claim of right to possession is completed and presented to the sheriff, marshal, or other levying officer, the officer shall forthwith (1) stop the eviction of occupants at the premises, and (2) provide a receipt or copy of the completed claim of right of possession to the claimant indicating the date and time the completed form was received, and (3) deliver the original completed claim of right to possession to the court issuing the writ of possession of real property.

24. Despite the writ, CCP 1174.3, and the Fifth and Fourteenth Amendments to the U.S. Constitution, Defendants requested that the state court order any levying officer to refuse any presented claim of right to possession.

25. The state court signed and entered Defendants requested order.

26. Plaintiff properly presented a claim of right to possession to the levying officer, who refused to accept it, citing the state court order.

27. The refusal to accept the claim effectively barred Plaintiff from asserting any legal defense against a wrongful eviction.

28. Plaintiff then filed a motion for leave to intervene in the state case.

29. Defendants filed an ex parte motion to strike the motion to intervene, which the state court granted, denying Plaintiff his due process right for the motion to be decided on its merits.

30. Plaintiff timely appealed the state court's order, but Defendants requested that the court of appeal dismiss the appeal without ruling on its merits, further depriving Plaintiff of due process.

31. The court of appeal entered an opinion dismissing the appeal.

Complaint                                              5

32.    Plaintiff filed a petition for review with the California Supreme Court, which is pending at the time this action is being filed. If the California Supreme Court grants Plaintiff's petition for review, Plaintiff remains without a guarantee of procedural fairness or a full opportunity to be heard on his claims. The review process in state court does not resolve the constitutional violations that have already occurred and continue to impact Plaintiff. Regardless of whether state review proceeds, this Court retains jurisdiction over Plaintiff's due process claims, and for declaratory and injunctive relief.

33.    The summary denial foreclosed any further state court review, and Plaintiff has been denied his due process right to contest the eviction, assert a claim to possession, and litigate the unlawful deprivation of his property interest.

34.    Federal jurisdiction is necessary to ensure due process protections.

## CLAIMS FOR RELIEF

COUNT 1: Violation of Procedural Due Process (5th & 14th Amendments) – 42 U.S.C. § 1983

35.    Defendants, acting under color of state law, manipulated the judicial process to deprive Plaintiff of his protected property interest without procedural due process. The violations alleged herein occurred before and independently of any ongoing or future state court review.

36.    Plaintiff was denied a meaningful opportunity to contest eviction and assert his rights, violating due process under *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982).

37.    The striking of Plaintiff's motion to intervene and dismissal of the appeal prevented judicial review of his rights, violating fundamental fairness under *Mathews v. Eldridge*, 424 U.S. 319 (1976).

COUNT 2: Denial of Access to Courts (14th Amendment) – 42 U.S.C. § 1983

38.    Defendants' actions foreclosed Plaintiff's ability to litigate his claims, violating *Christopher v. Harbury*, 536 U.S. 403, 414 (2002) ("Whether an access

Complaint                                     6

claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong.").

39. By ensuring that no court ruled on the merits of Plaintiff's claims, Defendants erected an insurmountable procedural barrier to judicial relief.

## RELIEF REQUESTED

40. Issue a declaratory judgment that Defendants' actions violated Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments.

41. Issue an injunction preventing Defendants from enforcing, using, or relying on the unlawful detainer judgment or eviction order against Plaintiff in any manner and future legal proceedings, claims, or disputes regarding the property unless and until Plaintiff is afforded a constitutionally adequate opportunity to litigate his claims, either in this Court or a fair and impartial state court process.

42. Declare Plaintiff was unlawfully deprived of the opportunity to litigate possession claims, and enjoin Defendants from enforcing possession-related claims without due process, irrespective of any pending or future state court review.

43. Issue an order staying any and all state court enforcement actions, eviction proceedings, or property-related claims against Plaintiff pending final resolution of this action to ensure that Plaintiff is not irreparably harmed before his constitutional claims are adjudicated in a federal forum.

44. The requested stay is appropriate under the All Writs Act (28 U.S.C. § 1651) and traditional federal equitable powers because:

    (a) Plaintiff has raised serious constitutional questions about the denial of procedural due process and access to courts;

    (b) Plaintiff will suffer irreparable harm if eviction and property deprivation are enforced before his claims are adjudicated;

Complaint       7

(c) The balance of hardships strongly favors Plaintiff, as Defendants' enforcement actions would cause irreversible consequences, while a stay would simply maintain the status quo; and

(d) A stay serves the public interest by ensuring that due process rights are not violated in eviction proceedings.

45. Award compensatory and punitive damages for constitutional violations.

46. Grant any further relief to Plaintiff the Court deems just and proper.

## JURY DEMAND

47. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims seeking monetary damages, including compensatory and punitive damages.

Dated: March 17 , 2025          Respectfully submitted,

By: /s/Dale Sundby, Trustee
    Dale Sundby, Trustee
    Plaintiff

Complaint                                    8