UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY, Trustee; DALE SUNDBY, Individually,<br><br>            Plaintiff,<br><br>v.<br><br>LEWIS LANDAU; JEFFREY MYERS; KATHLEEN MYERS; and DOES 1 through X,<br><br>            Defendants. | Case No.: 3:25-cv-668-WQH-BJW<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Reconsideration (ECF No. 28) filed by Plaintiff Dale Sundby.

## I.    BACKGROUND

On March 20, 2025, Plaintiff Dale Sundby, Trustee ("Plaintiff") initiated this action by filing a Complaint against Defendants Lewis Landau, Jeffrey Myers, Kathleen Myers, and Does 1 through X (collectively, "Defendants"). (ECF No. 1.)

On June 6, 2025, Defendants filed a Motion to Dismiss Complaint. (ECF No. 9.)

On June 27, 2025, Plaintiff filed a First Amended Complaint ("FAC"), which added "Dale Sundby, Individually," as a named Plaintiff. (ECF No. 12.)

On July 11, 2025, Defendants filed a Motion to Dismiss FAC. (ECF No. 16.) On July 24, 2025, Plaintiff filed an Opposition. (ECF No. 18.) On August 11, 2025, Defendants filed a Reply. (ECF No. 19.) On August 13, 2025, Plaintiff filed an Objection in Response to the Motion to Dismiss FAC. (ECF No. 20.)

On August 18, 2025, the Court issued an Order denying as moot the Motion to Dismiss Complaint. (ECF No. 21.)

On October 15, 2025, Defendants filed a Request for Judicial Notice regarding the disposition of a case before the United States Court of Appeals for the Ninth Circuit. (ECF No. 23.) On October 17, 2025, Plaintiff filed an Objection to the Request for Judicial Notice. (ECF No. 24).

On November 12, 2025, Plaintiff filed a Notice of Assignment of Claims and Ratification. (ECF No. 25.) On February 25, 2026, Plaintiff filed a Notice requesting that the Court consider his Notice of Assignment of Claims and Ratification. (ECF No. 26.)

On March 10, 2026, the Court issued an Order granting the Motion to Dismiss FAC (the "Dismissal Order"). (ECF No. 27.) The Court dismissed Plaintiff's FAC without prejudice and with leave to amend. *Id.* at 13.

On March 18, 2026, Plaintiff filed the pending Motion for Reconsideration. (ECF No. 28.) On April 13, 2026, Defendants filed an Opposition. (ECF No. 29.) On April 14, 2026, Plaintiff filed a Reply. (ECF No. 30.)

## II. ALLEGATIONS IN THE FAC

Plaintiff, in both his capacity as "Trustee for Trust No. 1989-1" (the "Sundby Trust" or "Trust") and in his individual capacity as an owner of a "fractional interest" of a property located at 7740 Eads Ave, La Jolla, CA 92037 (the "Property"), filed this action to "redress continuing violations of [his] constitutional and property rights." (FAC ¶¶ 3–6; ECF No. 12 at 23–24.) Plaintiff alleges the following.

Defendants filed an unlawful detainer action related to the Property in San Diego County Superior Court. (FAC ¶ 21.) Plaintiff was not a party to that action. *Id.* ¶ 22. The San Diego County Superior Court entered default in favor of Defendants. *Id.* ¶ 23. Then,

3:25-cv-668-WQH-BJW

the state court issued a writ of possession, which stated that "an occupant not named in the judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served[.]" *Id.* ¶ 23, Ex. 1 at 17–19.

Defendants requested that the state court "order any levying officer to refuse any presented [C]laim of [R]ight to [P]ossession." *Id.* ¶ 25. The San Diego County Superior Court entered an order to that effect. *Id.* ¶ 26, Ex. 2 at 20–22.

Plaintiff filed a motion for leave to intervene in the unlawful detainer action. *Id.* ¶ 29. Defendants filed an ex parte motion to strike the motion for leave to intervene, which the San Diego County Superior Court granted. *Id.* ¶ 30. Plaintiff appealed that order, and the state appellate court dismissed the appeal "without consideration on the merits" and "without addressing the underlying procedural violations or statutory rights at issue." *Id.* ¶¶ 33–34, 36.

Plaintiff filed a petition for review with the California Supreme Court, "which issued a summary denial." *Id.* ¶ 37.

On November 21, 2024, Plaintiff—in his capacity as Trustee of the Sundby Trust— "transferred half of the trust's 50% sole beneficial interest [in the Property] by quitclaim deed to [Plaintiff.]" *Id.* ¶ 40. Plaintiff, in his individual capacity, "acquired a 12.5% ownership interest" in the Property. *Id.* ¶ 42.

Plaintiff brings eight causes of action arising from the state court proceedings related to the Property. *Id.* ¶¶ 45–93. Plaintiff asserts three causes of action under 42 U.S.C. § 1983. *Id.* ¶¶ 45–63. Plaintiff asserts one cause of action under 42 U.S.C. § 1985. *Id.* ¶¶ 64–69. Plaintiff asserts one cause of action for declaratory relief under 28 U.S.C. §§ 2201–2202. *Id.* ¶¶ 70–73. Plaintiff asserts one cause of action for "restitution of ownership value for wrongful dispossession." *Id.* ¶¶ 74–80. Plaintiff asserts one cause of action for abuse of process under California Code of Civil Procedure § 1174.3. *Id.* ¶¶ 81–87. Plaintiff asserts one cause of action for civil conspiracy and tortious interference. *Id.* ¶¶ 88–93.

## III.   LEGAL STANDARD

In reviewing a motion for reconsideration brought under Federal Rule of Civil Procedure Rule 54(b), district courts "look to the standard on motions for reconsideration under Rule 59 and Rule 60(b)." *Staniforth v. United States*, No. 23CV449-JM-MMP, 2024 WL 3463650, at *2 (S.D. Cal. July 18, 2024) (quotations and citations omitted).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## IV.   DISCUSSION

Plaintiff moves the Court, pursuant to Federal Rule of Civil Procedure 54(b), to reconsider its dismissal of the FAC. (ECF No. 28 at 2.) Plaintiff does not allege the existence of newly discovered evidence nor an intervening change in the law. Plaintiff contends only that the Court committed clear error in the Dismissal Order. Defendants respond that Plaintiff merely "repackage[s] argument already presented and rejected" in "a long line of repetitive litigation arising from the same foreclosure and eviction." (ECF No. 29 at 4.).

### A.   Pro Se Representation of the Trust

Plaintiff contends that the Court improperly relied on other district court orders regarding his ability to represent the Trust without the aid of counsel, and that the allegations in this action support the conclusion that Plaintiff is the Trust's sole beneficiary capable of representing its interests. (ECF No. 28 at 15–17, 18–19.) Plaintiff also contends that the Court failed to draw reasonable inferences in his favor at the motion to dismiss stage on the question of whether he is the sole beneficiary of the Trust. *Id.* at 10–12, 14, 16–17.

4

3:25-cv-668-WQH-BJW

In its Dismissal Order, the Court considered "whether Plaintiff may bring the causes of action asserted in his capacity as a trustee of the Sundby Trust without the aid of counsel." (ECF No. 27 at 8.) The Court held that he could not. *Id.* at 9. The Court reasoned that Plaintiff's bare allegation that he was the sole beneficiary of the Trust, (FAC ¶ 5), was belied by material filed by Plaintiff: in particular, an order issued by the Superior Court for the State of California and attached as an exhibit to the FAC stating that the "[t]he Sundby Trust has more than one settlor, trustee and/or beneficiary." (ECF No. 27 at 8 (citing FAC at 22).)

The Court also identified district courts in the Ninth Circuit that have repeatedly reached the same conclusion regarding Plaintiff's pro se representation of the Trust in cases arising from the foreclosure of the Property, including in a similar action before this Court. *Id.* at 9–10 (citing *Sundby v. San Diego County Sheriff et al*, 3:24-cv-01535-WQH-BJW (S.D. Cal. June 2, 2025); *Sundby v. Landau*, No. 2:24-cv-07276-MCS-BFM, 2025 WL 1090165, at *4 (C.D. Cal. Mar. 14, 2025), *reconsideration denied*, No. 2:24-cv-07276-MCS-BFM, 2025 WL 2374824 (C.D. Cal. May 19, 2025), and *reconsideration denied*, No. 2:24-cv-07276-MCS-BFM, 2025 WL 2374825 (C.D. Cal. July 2, 2025*)*; *Sundby v. Marquee Funding Grp.*, No. 3:19-cv-0390-GPC-AHG, No. 3:21-cv-2013-GPC-AHG, 2023 WL 4686445, at *1 (S.D. Cal July 21, 2023); *see also In re Sundby*, No. 23-55659, No. 24-865, No. 24-1027, 2025 WL 1794429 (9th Cir. June 30, 2025)).

At the motion to dismiss stage, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," but a district court is not required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" nor "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Here, Plaintiff's conclusory allegation that he is the sole beneficiary of the Trust is contradicted by the other materials filed in support of his FAC and is inconsistent with the holdings of district courts in related actions related to the Property. Upon review, the Court does not find good cause to alter the conclusion it reached in the Dismissal Order.

Plaintiff raises a related contention that the Court's citation in the Dismissal Order to Southern District of California Local Rule 83.3(j), which requires that "corporations, partnerships, and other legal entities" appear in court "only through an attorney," is inapposite because California courts have held that "a trust is not an entity." (ECF No. 28 at 16.)

The Ninth Circuit has stated: "It is well established that the privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). With respect to representation of a trust, the plaintiff must be the "actual beneficial owner of the claims being asserted" to proceed without the aid of counsel. *Id.*; *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Plaintiff's contentions regarding the applicability of Local Rule 83.3(j) do not cast doubt on the state of the law in the Ninth Circuit regarding a plaintiff's pro se representation of a trust and does not provide justification for the Court to reconsider its Dismissal Order.

## B.   Mandatory Joinder and Assignment of Claims

Plaintiff contends that the Court erred by failing to consider whether Federal Rule of Civil Procedure 17(a)(3) requires joinder of Plaintiff in his individual capacity and that Defendants have "rel[ied] on a pattern of courts avoiding that question rather than answering it." (ECF No. 28 at 13, 18; ECF No. 30 at 4.)

In the Dismissal Order, the Court considered the question of mandatory joinder. The Court found that Plaintiff did not "allege sufficient facts to support a reasonable inference that the Sundby Trust had any interest in the Property remaining after unlawful detainer action." (ECF No. 27 at 12.) The Court continued:

> Accordingly, Plaintiff fails to adequately allege that his purported transfer of ownership interest after the unlawful detainer action establishes that he, as an individual, has a legitimate interest in the Property. Plaintiff fails to demonstrate that he is the "real party in interest" within the meaning of Rule 17 and, accordingly, cannot bring his sixth cause of action in his individual capacity.

6

3:25-cv-668-WQH-BJW

*Id*. at 12–13. Plaintiff does not provide any basis in the Motion for Reconsideration to suggest that the post-foreclosure transfer of ownership interest in the Property conveyed a legitimate interest. Upon review, the Court finds no cause to revise its earlier conclusion as to whether the post-foreclosure transfer of interest in the Property made Plaintiff, in his individual capacity, a "real party in interest" in this action.

Plaintiff also contends that the Court erred by discussing only "whether post-foreclosure attempts to transfer title to real property could be effective after a lawful foreclosure" but not whether claims related to that real property may be lawfully assigned after a foreclosure. (ECF No 28 at 12–13.) In other words, Plaintiff contends that—even if the Trust did not have any interest in the Property after the unlawful detainer action—Plaintiff, as a trustee, could nonetheless confer status as a "real party in interest" to himself, as an individual, by assigning the Trust's legal claims instead of transferring its ownership interests.

In support, Plaintiff refers to the Notice of Assignment of Claims and Ratification filed before the Court on November 12, 2025. (ECF No. 25.) Plaintiff states that the Notice is meant to "apprise the Court and parties of the Assignment and Ratification, which bears on real-party-in-interest and capacity issues." *Id.* at 2. Plaintiff attaches an agreement that purports to transfer "all Trust claims" related to the foreclosure of the Property from "Dale Sundby, Trustee, and Edith Littlefield Sundby, Trustee" to "Dale Sundby and Edith Littlefield Sundby, each in his or her individual capacity." *Id.* at 4. The agreement continues: "Additionally—and solely to address any claim a court might require to be asserted in the name of the Sole Trustee [Dale Sundby]—Dale Sundby . . . makes the alternative assignment below in favor of Dale Sundby, individually." *Id.* Plaintiff contends that this assignment of claims means that he, in an individual capacity, is a real party in interest within the meaning of Rule 17. (ECF No. 28 at 13.)

If a transfer of interest occurs prior to the initiation of a civil action, then Federal Rule of Civil Procedure 17(a) applies. If a transfer occurs "during the pendency of the action," then Federal Rule of Civil Procedure 25(c) applies. *Hilbrands v. Far E. Trading*

*Co.*, 509 F.2d 1321, 1323 (9th Cir. 1975) (citations omitted). Here, Plaintiff initiated the action on March 20, 2025, (ECF No. 1), and the agreement filed in support of the Notice of Assignment of Claims and Ratification is dated November 12, 2025. (ECF No. 25 at 7.) Accordingly, Federal Rule of Civil Procedure 25(c) applies.

Federal Rule of Civil Procedure 25(c) provides that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). The Ninth Circuit has written that Rule 25(c) is "designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (quoting *In re Covington Grain Co., Inc.*, 638 F.2d 1362, 1364 (5th Cir. 1981)). The application of Rule 25(c) is "under the firm control of the trial court." *Id.* "A court applying Rule 25(c) considers what is 'really going on' in the case and whether 'the transferee's presence would facilitate the conduct of the litigation.'" *Garcia v. City of Los Angeles*, No. CV 19-6182 DSF (PLAX), 2023 WL 12214971, at *1 (C.D. Cal. July 12, 2023) (quoting *In re Bernal*, 207 F.3d at 598).

By its own terms, the Notice of Assignment of Claims and Ratification is offered to permit Plaintiff to litigate the Trust's claims despite the Court's holding that Plaintiff may not assert claims on behalf of the Trust without either (a) establishing that he is its sole beneficiary or (b) obtaining counsel to adequately represent the Trust's interests. The Notice of Assignment of Claims and Ratification also fails to address an underlying issue: whether the Trust maintained any post-foreclosure interest in the Property such that the Trust had a cognizable legal claim that could be assigned to Plaintiff in his individual capacity. The assignment of claims appears to be a response to orders by this Court and other district courts in the Ninth Circuit regarding Plaintiff's ability to litigate claims on behalf of the Trust rather than a constructive attempt to facilitate the resolution of this action. *See Sundby v. Marquee Funding Grp., Inc.*, No. 19-CV-00390-GPC-AHG, 2026 WL 559772, at *5–*7 (S.D. Cal. Feb. 27, 2026) (Judge Gonzalo P. Curiel holding, in a similar action brought by Plaintiff, that the same Notice of Assignment of Claims of

Ratification did not support relief under Rule 17, Rule 25(c), or Rule 19). The Court concludes that the Notice of Assignment of Claims and Ratification does not provide good cause to reconsider its Dismissal Order.

## C.  Declaratory Relief

Plaintiff contends that, "[i]f the Court alters its threshold ruling" as to the other claims in the FAC, then the "premise for dismissing declaratory relief disappears." (ECF No. 28 at 19–20.)

Upon review, the Court does not reach a different conclusion than it did in the Dismissal Order with respect to other claims in the FAC. Accordingly, the Court does not hold differently with respect to Plaintiff's fifth cause of action for declaratory relief under 28 U.S.C. § 2201, which cannot sustain a cause of action following a district court's dismissal of all other claims. *See Corrales v. Dutschke*, No. 23-CV-1876 JLS (DDL), 2024 WL 1023023, at *6 (S.D. Cal. Mar. 8, 2024).

## V.  CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 28) is denied. The FAC remains dismissed without prejudice and with leave to amend. Plaintiff may file a Second Amended Complaint within twenty-one (21) days of the filing of this Order. If Plaintiff does not file a Second Amended Complaint, in order to facilitate a possible appeal, the Court will order the Clerk of Court to enter judgment of dismissal without prejudice.

Dated:  July 14, 2026

Hon. William Q. Hayes
United States District Court

3:25-cv-668-WQH-BJW